**UNITED STATES of America, Plaintiff,**

v.

**Larry WELLS, Defendant.**

**No. 90 C 3028.**

United States District Court,
N.D. Illinois, E.D.

June 27, 1990.

Ira H. Raphaelson, Asst. U.S. Atty., Chicago, Ill., for the U.S.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, United States of America, has submitted a document entitled "Memorandum of Judgment" for this court's signature. That document reads:

(Judgment was initially entered in the United States District Court, Western District of Louisiana on November 2, 1989.) On May 25, 1990, the judgment was registered in the United States District Court, Northern District of Illinois, Eastern Division in favor of the plaintiff, UNITED STATES OF AMERICA and against the defendant, LARRY WELLS in the amount of 3,825.00.

This document appears to have no legitimate purpose.

The statute setting forth the procedure for registering a judgment of another district court provides:

A judgment in an action for the recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. A judgment so registered shall have the same effect as a judgment of the district

court of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be registered in any district in which the judgment is a lien.

28 U.S.C.A. § 1963 (West 1990 Supp). At no point in this statute is there any reference to a "Memorandum of Judgment".

The State of Illinois has enacted statutes concerning the registration and enforcement of federal judgments and of foreign judgments.

Regarding federal judgments, Section 12–501 of the Illinois Code of Civil Procedure provides:

> Judgments of courts of the United States held, within this State, and all process, returns, certificates of the levy of a process, and records of such courts may be registered, recorded, docketed, indexed or otherwise dealt with in, the public offices of this State, so as to make them conform to the rules and requirements relating to judgments of the courts of this State.

Ill.Ann.Stat., ch. 110, § 12–501 (Smith–Hurd 1984). The judgment at bar is a judgment of the United States District Court, Western District of Louisiana, which is not a judgment of a "court[ ] of the United States held, within" Illinois. Therefore, this provision is inapplicable.

Section 12–502 of the Illinois Code of Civil Procedure provides in part:

> Upon filing in the office of the recorder in any county of this State of a transcript, certified copy or memorandum of a judgment entered in this State by a court of the United States, such judgment shall be a lien upon the real estate of the person against whom the same is entered, in the county where filed, in like manner as judgments of courts of this State. The term "memorandum" as used in this Section means a memorandum or copy of the judgment signed by a judge of the court entering it and showing the court in which entered, date, amount, case number of the case in which entered, name of the party in whose favor and name of the party against whom

entered. However, no such judgment shall be a lien on any real estate, registered under the provision of "An Act concerning land titles", approved May 1, 1897, as amended, until the provision of section 85 of that act have been complied with.

Ill.Ann.Stat., ch. 110, § 12–502 (Smith–Hurd 1984). The judgment at issue was not entered in Illinois, so this provision is inapplicable. Moreover, the memorandum would be insufficient even if the judgment had been "entered in this State [Illinois] by a court of the United States" because it would not be "signed by a judge of the court entering it" and does not show the "case number of the case in which entered." Ill.Ann.Stat., ch. 110, § 12–502 (Smith–Hurd 1984).

The applicable statute, under which the judgment at issue could be enforced in Illinois, is the Illinois version of the Uniform Enforcement of Foreign Judgments Act (the Act). Ill.Ann.Stat., ch. 110, § 12–601 through 12–617 (Smith–Hurd 1984). Under the Act:

> "Foreign judgment" means any judgment, decree or order of a court of the United States or of any State or Territory which is entitled to full faith and credit in this state [i.e., Illinois].

Ill.Ann.Stat., ch. 110, § 12–601(a) (Smith–Hurd 1984). This statute is applicable because the judgment at bar is a "judgment ... of a court of the United States."

The procedure for registration of a foreign judgment in Illinois is set forth in the Act as follows:

> A verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and any subsequent facts, circumstances or legal proceedings affecting it, such as levies of execution, appeals, supplementary enforcement proceedings, payments in partial satisfaction and the like, authenticated, if of record, in the manner authorized by the laws of the United States or of this State, and a prayer that the judgment be registered. The Clerk of the court in which the petition is filed shall mail by certified mail return receipt requested to the clerk of the court which rendered the original judgment a notice,

which shall be prepared and presented to the clerk by petitioner, that application for registration has been made, and shall request him or her to file this information with the judgment. The filing of the petition constitutes registration of the foreign judgment.

Ill.Ann.Stat., ch. 110, § 12–603 (Smith–Hurd 1984). The "Memorandum of Judgment" plaintiff seeks to have this court sign would not be properly registrable under the Act because it is not "a copy of the judgment to be registered." Ill.Ann.Stat., ch. 110, § 12–603 (Smith–Hurd 1984). The registration of the judgment in this court is not "any subsequent fact[ ], circumstance[ ] or legal proceeding[ ] affecting it" and, even if it were, the "Memorandum of Judgment" is not the manner of authentication authorized by the laws of the United States or of Illinois. See Ill.Ann.Stat., ch. 110, § 12–603 (Smith–Hurd 1984).

Since the "Memorandum of Judgment" does not appear to have any legitimate purpose, it will not be signed by the court but will instead be stricken.

ORDERED: The document filed by plaintiff, the United States of America, entitled "Memorandum of Judgment" is stricken.